IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN BRAVO, | |
|     Plaintiff, | No.: 17-cv-2636 |
| v. | |
| | Judge Amy J. St. Eve |
| OFFICER DENNIS LANNING, | Magistrate Judge M. David Weisman |
| Chicago Police Officer (Star # 11945); | |
| OFFICER P. M. DARLING, | |
| Chicago Police Officer (Star # 7134); | |
| OFFICER CHARLES HEINEN, | |
| Chicago Police Officer (Star # 15961); and, | |
| the CITY OF CHICAGO, a municipal corporation, | |
|     Defendants. | |

## **Amended Complaint**

Plaintiff, Christian Bravo, by his attorneys at Villalobos & Associates, and for his Amended Complaint, states as follows.

### Nature of the Action

1. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and § 1988 based on the Defendant-Officers' violations of his constitutional rights.

2. Plaintiff brings claims against the City of Chicago for indemnification pursuant to 745 ILCS 10/9-102.

### The Parties

3. Plaintiff, Christian Bravo, is a permanent resident of the State of Illinois. At all times relevant to this Complaint, Plaintiff lived at 5943 South Kedvale Avenue in Chicago, Illinois 60629.

1

4. At all times relevant to this Complaint, Defendant-Officers Lanning, Darling, and Heinen were duly appointed and sworn Chicago police officers.

5. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance, and regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Jurisdiction and Venue**

8. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1483 and § 1331.

9. This Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1387.

10. This Court has personal jurisdiction over the Defendant-Officers because all of the Defendant-Officers reside within the Northern District of Illinois. This Court has personal jurisdiction over Defendant City of Chicago because the City of Chicago is a municipal corporation located within the Northern District of Illinois.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because all of the events described in this complaint occurred in the Northern District of Illinois.

**Facts Common to All Counts**

12. On the night of July 13th, 2015, Plaintiff was inside his home at 5943 South Kedvale Avenue.

13. On July 14th, 2015, at approximately 30 minutes after midnight, Defendant Lanning forcibly entered Plaintiff's home.

14. On July 14th, 2015, at approximately 30 minutes after midnight, Defendant Darling forcibly entered Plaintiff's home.

15. On July 14th, 2015, at approximately 30 minutes after midnight, Defendant Heinen forcibly entered Plaintiff's home.

16. The noise of the Defendant-Officers forcibly entering Plaintiff's home alerted Plaintiff to the presence of the Defendant-Officers in his home.

17. Once the Defendant-Officers were inside Plaintiff's home, they approached Plaintiff.

18. When Defendant Lanning was near Plaintiff, Lanning struck Plaintiff multiple times in the head with the butt of Lanning's gun.

19. The force of Defendant Lanning's strikes to Plaintiff's head caused Plaintiff to fall to the ground.

20. When Plaintiff was on the ground, Defendant Darling kicked Plaintiff in the face and head.

21. When Defendants Lanning and Darling were striking and kicking Plaintiff, Officer Heinen stood by and watched without doing anything to prevent Plaintiff from being battered.

22. Defendant-Officers arrested Plaintiff, or assisted in arresting Plaintiff, on July 14th, 2015 at approximately 43 minutes after midnight.

23. The Defendant-Officers' use of force in arresting Plaintiff injured Plaintiff's head.

24. After Defendant-Officers arrested Plaintiff, Plaintiff was taken to Holy Cross Hospital at 2701 West 68th Street in Chicago, Illinois 60629.

25. The Defendant-Officers' conduct caused Plaintiff physical injuries to his head and face, as well as great emotional anguish including but not limited to fear, anxiety, stress, and depression.

26. At no time relevant to this complaint did Plaintiff resist the Defendant-Officers' efforts to arrest him or place him into custody.

27. At all times relevant to this Complaint, the Defendant-Officers acted maliciously, willfully, wantonly, and in reckless disregard for Plaintiff's constitutional rights.

**Count I**
**Claim under 42 U.S.C. § 1983 for Excessive Force in Making an Arrest**

28. Plaintiff re-alleges paragraphs 1-27 as if fully set forth herein.

29. Defendants in this Count are Officers Lanning and Darling.

30. Plaintiff did not pose an immediate threat to the safety of the Defendant-Officers or others when he was arrested.

31. Plaintiff never attempted to evade arrest by fleeing from the Defendant-Officers.

32. Plaintiff never resisted the Defendant-Officers' efforts to arrest him.

33. Plaintiff never interfered or attempted to interfere with the Defendant-Officers' execution of their duties as police officers.

34. Defendant Lanning's action of repeatedly striking Plaintiff with his gun was unreasonable in light of the facts and circumstances confronting him.

35. Defendant Darling's action of kicking Plaintiff in the face and head was unreasonable in light of the facts and circumstances confronting him.

4

36. The amount of force Defendants Lanning and Darling used to seize and arrest Plaintiff was excessive.

37. Defendants Lanning and Darling's excessive use of force in seizing and arresting Plaintiff violated Plaintiff's Fourth Amendment rights.

38. Defendants Lanning and Darling's excessive use of force in seizing and arresting Plaintiff directly and proximately caused damages to Plaintiff, including but not limited to physical injuries, fear, anxiety, stress, and depression.

WHEREFORE, Plaintiff respectfully asks that this Honorable Court:

(a) Enter judgment against the Defendant-Officers,
(b) Award Plaintiff compensatory and punitive damages,
(c) Award Plaintiff his attorneys' fees and costs, and
(d) Award Plaintiff any further relief that his Honorable Court deems just and equitable.

## Count II
## Claim under 42 U.S.C. § 1983 for Failure to Intervene

39. Plaintiff re-alleges paragraphs 1-38 as if fully set forth herein.

40. Defendant in this Count is Officer Heinen.

41. Defendant Heinen knew or had reason to know that Defendants Lanning and Darling were using excessive force to seize and arrest Plaintiff.

42. Defendant Heinen knew that Plaintiff was being unjustifiably arrested.

43. Defendant Heinen knew that Defendants Lanning and Darling were violating Plaintiff's constitutional rights in seizing and arresting him.

44. Defendant Heinen had a realistic opportunity to prevent Defendants Lanning and Darling from using excessive force to seize and arrest Plaintiff.

45. Defendant Heinen had the opportunity to call for backup prior to the Defendant-Officers completing their arrest of Plaintiff.

46. Defendant Heinen had the opportunity to call for help prior to the Defendant-Officers completing their arrest of Plaintiff.

47. Defendant Heinen had the opportunity to caution Defendants Lanning and Darling from using excessive force.

48. No bystanders or other persons prevented Defendant Heinen from intervening to stop Defendants Lanning and Darling from using excessive force.

49. Defendant Heinen had the opportunity to physically intervene to prevent Defendant Lanning from striking Plaintiff on the head.

50. Defendant Heinen had the opportunity to physically intervene to prevent Defendant Darling from kicking Plaintiff.

51. Defendant Heinen failed to intervene to prevent, or attempt to prevent, Defendants Lanning and Darling from using excessive force in seizing and arresting Plaintiff.

52. Defendant Heinen's failure to intervene violated Plaintiff's Fourth Amendment rights.

53. Defendant Heinen's failure to intervene directly and proximately caused damages to Plaintiff, including but not limited to physical injuries, fear, anxiety, stress, and depression.

WHEREFORE, Plaintiff respectfully asks that this Honorable Court:

(a) Enter judgment against the Defendant-Officers,
(b) Award Plaintiff compensatory and punitive damages,
(c) Award Plaintiff his attorneys' fees and costs, and
(d) Award Plaintiff any further relief that his Honorable Court deems just and equitable.

## Count III
### Claim under 42 U.S.C. § 1983 for Unlawful Entry into Plaintiff's Home

54. Plaintiff re-alleges paragraphs 1-53 as if fully set forth herein.

55. Defendants in this Count are Officers Lanning, Darling, and Heinen.

56. The Defendant-Officers did not have a warrant authorizing them to enter Plaintiff's home.

57. The Defendant-Officers were not confronted with exigent circumstances which would justify their warrantless entry into Plaintiff's home.

58. The Defendant-Officers did not have Plaintiff's consent to enter his home.

59. The Defendant-Officers did not have the consent of any other person with actual or apparent authority to give consent to enter Plaintiff's home.

60. The Defendant-Officers were not in hot pursuit of a fleeing felon which would justify their warrantless entry into Plaintiff's home.

61. The Defendant-Officers' entry into Plaintiff's home violated Plaintiff's Fourth Amendment rights.

62. The Defendant-Officers' unlawful entry into Plaintiff's home directly and proximately caused damages to Plaintiff, including but not limited to physical injuries, fear, anxiety, stress, and depression.

WHEREFORE, Plaintiff respectfully asks that this Honorable Court:

(a) Enter judgment against the Defendant-Officers,
(b) Award Plaintiff compensatory and punitive damages,
(c) Award Plaintiff his attorneys' fees and costs, and
(d) Award Plaintiff any further relief that his Honorable Court deems just and equitable.

## Count IV
## Claim under 42 U.S.C. § 1983 for Unlawful Seizure of Plaintiff

63. Plaintiff re-alleges paragraphs 1-62 as if fully set forth herein.

64. Defendants in this Count are Officers Lanning, Darling, and Heinen.

65. Defendant-Officers seized Plaintiff before he suffered any injuries.

66. Defendant-Officers did not have reasonable, articulable suspicion to conduct a *Terry*-style investigative stop of Plaintiff.

67. The Defendant-Officers did not have probable cause to arrest Plaintiff.

68. The Defendant-Officers did not have an arrest warrant authorizing them to arrest Plaintiff.

69. Plaintiff's encounter with the Defendant-Officers was not consensual.

70. The Defendant-Officers' seizure of Plaintiff violated Plaintiff's Fourth Amendment rights.

71. Defendants' unlawful seizure of Plaintiff directly and proximately caused damages to Plaintiff, including but not limited to physical injuries, fear, anxiety, stress, and depression.

WHEREFORE, Plaintiff respectfully asks that this Honorable Court:

(a) Enter judgment against the Defendant-Officers,
(b) Award Plaintiff compensatory and punitive damages,
(c) Award Plaintiff his attorneys' fees and costs, and
(d) Award Plaintiff any further relief that his Honorable Court deems just and equitable.

## Count V
## Claim Against Defendant City of Chicago Pursuant to 745 ILCS 10/9-102

72. Plaintiff re-alleges paragraphs 1-71 as if fully set forth herein.

73. Defendant in this Count is the City of Chicago, a municipal corporation.

74. At all times relevant to this Complaint, Defendant City of Chicago was the employer of the Defendant-Officers.

75. The acts of the Defendant-Officers described in the above claims were willful and wanton.

76. The acts of the Defendant-Officers described in the above claims were committed in the scope of the Defendant-Officers' employment.

77. Defendant City of Chicago is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions pursuant to 745 ILCS 10/9-102.

WHEREFORE Plaintiff, pursuant to 745 ILCS 10/9-102, Plaintiff respectfully requests that this Honorable Court:

(a) Enter judgment against Defendant City of Chicago in the amount awarded to Plaintiff against any and all Defendants as damages, attorney's fees, costs and interest, and for any settlement entered into between the Plaintiff and any Defendant, and
(b) Award Plaintiff any further relief that his Honorable Court deems just and equitable.

## **Jury Demand**

Plaintiff demands a trial by jury.


Respectfully submitted,

/s/ Raul Villalobos
    Attorney for Plaintiff
Villalobos & Associates
1620 W. 18th Street
Chicago, IL  60608
(312) 666-9982
(312) 666-4533 fax
Attorney Number 2902052

9